**Catherine R. ANDERS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–569.**

United States Court of Veterans Appeals.

April 15, 1992.

Before FARLEY, Associate Judge.

## ORDER

On March 3, 1992, the Court issued an order directing appellant, who is represented by counsel, to file a brief in compliance with this Court's Rules of Practice and Procedure, providing the Court with her position on the facts and law pertinent to this appeal within 30 days after the date of the order. On April 6, 1992, four days after the deadline for compliance with the order, the Court received a two-page pleading consisting solely of five Virginia state court case citations with brief descriptive sentences, three Virginia Code citations, and six conclusory sentences.

Rule 28 of this Court's Rules of Practice and Procedure delineates with specificity the requirements of an appellant's brief.

(a) **Appellant's Brief.** The appellant's brief must contain the appropriate headings and, in this order:

(1) a table of contents, with page references;

(2) a table of cases (alphabetically listed), statutes, and other authorities cited, with references to the page of the brief where they are cited, unless the case is expedited under Rule 47;

(3) a statement of the issues;

(4) a statement of the case, showing briefly the nature of the case, the course of proceedings, the result below, and the facts relevant to the issues, with appropriate references to the record;

(5) an argument, beginning with a summary, and containing the appellant's contentions with respect to the issues and the reasons for them, with citations to the authorities and parts of the record relied on; and

(6) a short conclusion stating the precise relief sought.

The pleading received out of time on April 6, 1992, fulfills not one of the six requirements of a satisfactory brief before this Court. Counsel not only exhibited a lack of respect for the United States Court of Veterans Appeals, but performed a great disservice to his client in submitting this inadequate document as appellant's brief on the merits of her claim.

Upon consideration of the foregoing, it is

ORDERED that the Clerk is directed not to accept for filing the pleading received on April 6, 1992, and to return the unacceptable pleading to counsel for appellant. It is further

ORDERED that appellant, within 14 days after the date of this order, file a

brief which fulfills the requirements of this Court's Rules of Practice and Procedure. Failure to comply with this order will result in the dismissal of appellant's claim. No extensions will be given.